**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

RONALD MARK DRAUGHN,

    Petitioner,

v.                                        Case No. 3:22-CV-11985

MICHELLE FLOYD,

    Respondent,
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Ronald Mark Draughn, on parole supervision with the Michigan Parole Board, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction out of the Oakland County Circuit Court for carrying a concealed weapon,[1] felon in possession of a firearm,[2] and possession of a firearm in the commission of a felony, second-offense.[3] As part of the answer, respondent notes that the petition contains several claims that were not fully exhausted with the state courts. For the reasons that follow, the petition for writ of habeas corpus will be dismissed without prejudice.

---

[1] Mich. Comp. Laws § 750.227.
[2] Mich. Comp. Laws § 750.224f.
[3] Mich. Comp. Laws § 750.227b.

1

# I. BACKGROUND

A jury convicted Petitioner in the Oakland County Circuit Court, and Petitioner's conviction was affirmed on appeal. *People v. Draughn*, *leave to appeal denied at* 971 N.W.2d 215 (Mich. 2022).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial judge barred Petitioner from calling any witnesses to refute charges and present a defense.

II. Petitioner was denied his right to confrontation.

III. The trial court misread and gave erroneous instructions on self-defense and misled the jury.

IV. The sentencing judge based its sentence on erroneous information.

V. Trial counsel was ineffective in violation of Petitioner's constitutional rights under the 6th and 14th Amendments to the United States Constitution.

VI. The prosecution engaged in prosecutorial misconduct when the State entered evidence of other alleged past firearm possession, argued facts not in evidence to intentionally mislead the jury and suppressed information favorable to the defense.

## II. DISCUSSION

Respondent argues that the petition is subject to dismissal because Petitioner has yet to exhaust his fourth claim and a portion of his sixth claim.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing

claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Respondent first argues that Petitioner's fourth claim is unexhausted because although he raised it in his appeal of right before the Michigan Court of Appeals, he failed to raise this claim in his application for leave to appeal before the Michigan Supreme Court. A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D.Mich.2002). Because Petitioner failed to raise this claim before the Michigan Supreme Court as part of the direct appeal process, the claim is unexhausted. *See e.g. Rupert v. Berghuis,* 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008).

Respondent also argues that a portion of Petitioner's sixth claim, in which he alleges that the prosecutor suppressed exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 87 (1963), is unexhausted because Petitioner never raised this claim on his appeal either before the Michigan Court of Appeals or the Michigan Supreme Court.

3

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

Although Petitioner raised several prosecutorial misconduct claims on his direct appeal, he did not raise a *Brady* claim. Petitioner's current *Brady* claim is unexhausted because the factual and legal argument before the court is "substantially different than" the prosecutorial misconduct claims that Petitioner presented to the state courts. *See Hanna v. Ishee*, 694 F.3d 596, 609 (6th Cir. 2012).

Although a federal court has the discretion to deny an unexhausted claim on the merits, as respondent urges with respect to Petitioner's fourth claim, this Court declines to do so because respondent failed to argue that Petitioner's *Brady* claim should be denied on the merits nor did respondent show that the claim is plainly meritless. *See e.g. Wagner v. Smith,* 581 F. 3d at 419-20; *See also Hickey v. Hoffner,* 701 F. App'x. 422, 426 (6th Cir. 2017).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Petitioner could exhaust his claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.500 with the Oakland County Circuit Court. *See Wagner v.*

4

*Smith,* 581 F. 3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Although a federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims, *See Rhines v. Weber,* 544 U.S. 269 (2005), Petitioner fails to allege cause for his failure to properly exhaust his unexhausted claims. Therefore, the court will dismiss the petition without prejudice rather than hold it in abeyance. *See e.g. Jones v. Rapelje,* No. 2:08-CV-13286, 2009 WL 2143819, at * 2 (E.D. Mich. July 13, 2009); *Phillips v. Burt,* No. 2:08-13032, 2009 WL 646651, at * 3 (E.D. Mich. Mar. 10, 2009); *Atkins v. Metrish*, No. 06–12420, 2007 WL 2812302, at * 3 (E.D. Mich. Sept. 26, 2007).

There is however, an equitable remedy available to Petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id*. at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the

5

circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, Petitioner promptly filed his petition for writ of habeas corpus with this court. Nor can this court conclude that Petitioner's claims are plainly meritless. This court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*. The court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from August 5, 2022, the date Petitioner filed his petition, until Petitioner returns to federal court.[4] This tolling of the limitations period is contingent upon Petitioner complying with the conditions indicated below in Section IV of the opinion.

### III. CERTIFICATE OF APPEALABILITY

The court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if

---

[4] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on August 5, 2022, the date that it was signed and dated. *See Towns v. U.S.*, 190 F. 3d 468, 469 (6th Cir. 1999).

the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The court declines to issue a certificate of appealability, because jurists of reason would not debate this court's conclusion that the petition is subject to dismissal because Petitioner failed to exhaust his state-court remedies. *See Jones v. Carl*, 605 F. Supp. 3d 1012, 1020 (E.D. Mich. 2022).

### IV.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from August 5, 2022, the date that Petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner files a new habeas petition in the federal court under a new case number within thirty days of the completion of his state post-conviction proceedings.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

                                                s/Robert H. Cleland_____
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 15, 2023, by electronic and/or ordinary mail.

                                                s/Kim Grimes_____
                                                Deputy Clerk

Dated:  June 15, 2023

S:\Cleland\Cleland\CHD\2254\22-11985.DRAUGHN.2254.db.chd.docx